IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Cause No. 2:13-CR-844-15 |
| | § | (Cause No. 2:16-CV-205) |
| BENJAMIN GUTIERREZ-HERNANDEZ, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY**

Benjamin Gutierrez-Hernandez filed a motion vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 922. The government responded and moved for summary dismissal. D.E. 988. Gutierrez-Hernandez filed a reply. D.E. 991. Gutierrez-Hernandez' motion is denied and he is also denied a certificate of appealability.

## I. BACKGROUND

Gutierrez-Hernandez pleaded guilty to possession with intent to distribute 3.66 grams of heroin and 3 grams of methamphetamine. D.E. 425. The Court sentenced him to 151 months imprisonment as a career offender. Gutierrez-Hernandez did not appeal. He filed the present motion on June 1, 2016.

## II. MOVANT'S CLAIMS

Gutierrez-Hernandez challenges the application of the Sentencing Guidelines career offender provisions based upon *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016). The government argues that *Beckles*

1

*v. United States*, 137 S.Ct. 886, 892 (2017) forecloses the relief Gutierrez-Hernandez seeks.

## III.    ANALYSIS

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B.    *Johnson* Claim

Gutierrez-Hernandez was sentenced as a career offender pursuant to § 4B1.1(b)(2).[1]

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant

---

[1] The PSR calculated Gutierrez-Hernandez' offense level based on drug quantity to be 12 after acceptance of responsibility and an actual criminal history category of III, his sentencing guideline range would have been 15-21 months imprisonment without the career offender enhancement. *See* D.E. 336, ¶¶ 56-70.

has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*Id*. The sentencing guidelines defined crimes of violence to include "burglary of a dwelling, arson, or extortion, involves use of explosives . . . ." U.S.S.G. § 4B1.2(a)(2).

Gutierrez-Hernandez had previous convictions for possession with intent to distribute less than 50 kilograms of marijuana in the Western District of Texas in 2013 and burglary of a habitation in San Patricio County, Texas in 1995. Gutierrez-Hernandez challenges his burglary conviction as a proper predicate offense pursuant to *Johnson* and *Mathis v. United States*, 136 S.Ct. 2243 (2016).

The *Johnson* court held that the residual clause defining a violent felony in 18 U.S.C. § 924(e) was unconstitutionally vague. The career offender sentencing guideline § 4B1.2(a)(2) has a residual clause identical to the one held to be void for vagueness in *Johnson*. However, *Johnson* did not affect the enumerated provisions of § 924(e)(ii). "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S.Ct. at 2563. The enumerated provisions of the sentencing guidelines are similarly unaffected by *Johnson*.[2]

Gutierrez-Hernandez argued in his reply that his burglary conviction was pursuant to § 30.02(a)(3) and does not qualify as a predicate offense. The Court reviewed *Shepard* approved documents including the Indictment and Judgment. The Court used the

---

[2] In addition, the Court in *Beckles*, 137 S.Ct. at 892 held that the sentencing guidelines are not subject to a challenge for vagueness. Beckles was convicted of felon in possession pursuant to 18 U.S.C. § 922(g)(1). He qualified as a career offender under the sentencing guidelines.

modified categorical approach to determine the portion of the Texas burglary statue at issue. Gutierrez-Hernandez was charged with burglary by "intentionally and knowingly enter[ing] a habitation without the effective consent of [victim], the owner thereof, with the intent to commit and did commit theft of property . . . ." D.E. 337, pp. 1, 3-7. The language of the Indictment tracks the language in Texas Penal Code § 30.02(a)(1), which is considered generic burglary.[3] *See United States v. Conde-Constante*, 753 F.3d 172, 176 (5th Cir. 2014). Because Gutierrez-Hernandez' burglary is generic burglary, his enhancement as a career offender was proper and he is not entitled to relief.

The Court also notes the exhibits Gutierrez-Hernandez attached to his reply. The Court commends Gutierrez-Hernandez on his efforts towards rehabilitation but the Court is not authorized to modify his sentence on that basis alone. *See* 18 U.S.C. § 3582(c).

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gutierrez-Hernandez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

---

[3] (a) A person commits an offense if, without the effective consent of the owner, the person:
    (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
    (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
    (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Tex. Penal Code Ann. § 30.02(a).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Gutierrez-Hernandez cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, the United States' motion to dismiss (D.E. 988) is **GRANTED**. Gutierrez-Hernandez' motion (D.E. 922, Cause No. 2:16-CV-205, D.E. 1) is **DENIED**. Additionally, Gutierrez-Hernandez is **DENIED** a Certificate of Appealability.

It is so ORDERED this 25th day of April, 2017.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE